UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY (Newark)

Tae Hyun Whang, Esq. (TW9226)
Law Offices of Tae H. Whang LLC
185 Bridge Plaza North, Suite 201
Fort Lee, NJ 07024
(201) 461-0300
Attorneys for Secured Creditor Popular Bank

|  |  |
|---|---|
| In Re:<br><br>SBB Shipping USA, Inc.,<br><br><br>Debtor. | Case No.:  24-22278<br><br>Chapter  11<br><br>Judge:  Hon. Vincent F. Papalia<br><br>Hearing Date: January 22, 2025, 2:30 PM |

## OBJECTIONS BY SECURED CREDITOR POPULAR BANK
## TO MOTIONS BY DEBTOR FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING

1. Popular Bank ("Popular Bank"), a secured creditor, by its attorneys, Law Offices of Tae H. Whang, LLC, objects to the Debtor's Motion for Entry of an Order Authorizing Use of Cash Collateral and Debtor's Motion for Entry of Order Authorizing Debtor to Obtain Post-Petition Financing (the "Motions").

### BACKGROUND FACTS

2. Popular Bank extended a $900,000.00 revolving credit line to the Debtor pursuant to a Promissory Note dated October 7, 2021 ("Loan 1") (POC, Pages 5-7). In connection with Loan 1, the Debtor executed a Commercial Security Agreement, dated October 7, 2021, pursuant to which the Debtor granted Popular Bank a security interest and lien in the following collateral:

All property, assets, rights and interest in the possession of Grantor, of any kind or description, tangible or intangible, whether now owned or existing or hereafter acquired or arising, and wheresoever located, including, but not limited to, the following: All deposit accounts, accounts and accounts receivable of Grantor, whether now in existence or hereafter coming into existence; all letter of credit rights; all chattel paper (whether tangible or electronic), contract rights, instruments (including promissory notes), documents, general intangibles (including, without limitation, payment intangibles, trademarks, service marks, trade names, patents, copyrights and licenses), inventory (including raw materials inventory, finished goods inventory, parts and supplies) and goods in process of Grantor, whether now in existence or owned or hereafter coming into existence or acquired, wherever located, and all returned goods and repossessions and replacements thereof; all vehicles, furniture, machinery and equipment, whether now owned or hereafter acquired by Grantor, including all embedded software; all investment property; all supporting obligations, software and commercial tort claims; all accessions, additions, replacements and substitutions relating to any of the foregoing; all records of any kind (the "Collateral") (POC, Pages 8-13).

On October 13, 2021, Popular Bank perfected its security interest in the Collateral under Loan 1 by filing the UCC-1 Financing Statement in the office of the New Jersey Secretary of State under filing number 55503453 (POC, Pages 14-16).

3. The U.S. Small Business Administration (the "SBA") also made a loan to the Debtor but the SBA subordinated its security interest in the Collateral to Popular Bank pursuant to the Subordination Agreement executed on August 11, 2021 (POC, Pages 17-21). The

Subordination Agreement allows the Debtor to borrow, pay down and reborrow loan funds up to the maximum principal amount of $900,000.00 from Popular Bank.

4. Popular Bank modified Loan 1 by increasing the revolving line of credit from $900,000.00 to $1,700,000.00 as evidenced by a Promissory Note dated October 7, 2022 (the "Modified Note") (POC, Pages 29-31). Popular Bank bifurcated the Modified Note by decreasing the revolving line of credit to $600,000.00 as evidenced by the Promissory Note dated June 7, 2024 (POC, Pages 39-41). The Debtor executed a Commercial Security Agreement dated June 7, 2024 (POC, Pages 42-47) pursuant to which the Debtor granted Popular Bank a security interest and lien in the Collateral. Each month, the sum of $4,459.23 is due on this loan for interest only.

5. Popular Bank converted $570,000.00 of the revolving line of credit to a term loan as evidenced by the Promissory Note dated August 29, 2024 (POC, Pages 56-57) ("Loan 2"). The Debtor executed a Commercial Security Agreement, dated August 29, 2024, pursuant to which it granted Popular Bank a security interest and lien in the Collateral (POC, Pages 58-63). The lien on the Collateral was perfected by the filing by Popular Bank of a UCC-1 Financing Statement on September 16, 2024 (POC, Page 64-67). Each month, the sum of $12,007.25 is due on Loan 2 for principal and interest.

6. Popular Bank made a loan for $300,000.00 to Valley Brook Estates LLC, which loan was guaranteed by the Debtor. This loan is evidenced by the Mortgage Note dated October 7, 2021 (POC, Pages 81-93). The Debtor executed a Security Agreement, dated October 7, 2021, pursuant to which it granted Popular Bank a security interest and lien in the following collateral:

All of Debtor's assets, including but not limited to, all now owned or hereafter acquired, created or arising accounts, machinery, inventory, goods, furniture, fixtures, equipment, general intangibles, chattel paper, contract rights, documents, instruments, deposit accounts and investment property, and all cash and non-cash proceeds thereof (including, without limitation, insurance proceeds) and proceeds of proceeds (POC, Pages 109-123). On October 8, 2021, Popular Bank filed a UCC-1 Financing Statement perfecting the lien (POC, Pages 124-127).

The Debtor also executed a Guaranty of Payment, dated October 7, 2021, pursuant to which it unconditionally guaranteed payment and performance of the loan (POC, Pages 94-108). Each month, the sum of $2,460.00 is due on said loan for principal and interest.

7. A UCC Search was conducted with the State of New Jersey with respect to the Debtor, a copy of which is attached hereto as Exhibit A. The UCC Search shows that the SBA filed its UCC-1 Financing Statement on June 15, 2020, followed by three UCC-1 Financing Statements filed by Popular Bank on October 8, 2021, October 13, 2021, and October 19, 2021. As stated above, the SBA subordinated its lien up to the sum of $900,000.00 to Popular Bank. Popular Bank therefore has a first lien up to the sum of $900,000.00 and the SBA has a claim of $1,939,644.81 (See Debtor's Schedule D) followed by Popular Bank's liens for $504,888.36.

8. Popular Bank's claim is $1,404,888.36 and the SBA is owed $1,939,644.81 according to Debtor's Schedule D and the total amount due to Popular Bank and the SBA is $3,344,533.17. Debtor's Schedule A/B shows $6,474,933.83 in assets. However, the Debtor's notes receivable in the sum of $2,123,032.12 may have been misstated. Additionally, the Debtor

may not have used the depreciated value in computing the value of its assets. As such, Debtor may have less than $4,351,901.71 in assets.

### POPULAR BANK OPPOSES DEBTOR'S MOTIONS FOR USE OF CASH COLLATERAL AND POST-PETITION FINANCING BECAUSE DEBTOR HAS FAILED TO MAKE ADEQUATE PROTECTION PAYMENTS AND POPUALR BANK'S INTEREST IN THE COLLATERAL WILL NOT BE PROTECTED

9. It is well settled that a debtor-in-possession may not use "cash collateral" without the consent of the secured party or authorization by the court, which must first examine whether the interest of the secured party is adequately protected. When "cash collateral" is used or spent, the secured creditors are entitled to receive additional protection. 11 U.S.C. §363. Here, Popular Bank has a first priority, perfected security interest in the cash that is the subject of the Debtor's motion. As such, adequate protection must protect Popular Bank's interest from any dissipation by cash payments. The Debtor has not made any adequate protection payments which are required as follows: (i) monthly payment on Loan 1 of $4,459.23 (interest only) which was due on January 1, 2025, (ii) monthly payment on Loan 2 of $12,007.25 (principal and interest) which was due on January 1, 2025 and (iii) monthly payment on the loan to Valley Brook Estates LLC which is guaranteed by the Debtor of $2,460.00. Such payments must be made to protect the value of the Collateral and the interests of Popular Bank.

10. The Debtor also seeks an order authorizing it to obtain financing of $15,000.00 to pay "administrative costs". Popular Bank objects to Debtor's requested financing because, as discussed above, Popular Bank's interests have not been sufficiently protected and adequate protection payments have not been made. As such, Popular Bank's interests are not protected and the additional financing will decrease the value of the Collateral.

WHEREFORE, Popular Bank respectfully requests that this Court deny the Motion for Entry of an Order Authorizing Use of Cash Collateral and Motion for Entry of Order Authorizing Debtor to Obtain Post-Petition Financing in their entirety and for any other relief as this Court deeds to be just, proper and equitable.

Dated:	Fort Lee, New Jersey
	January 14, 2025

	Law Offices of Tae H. Whang, LLC
	Attorneys for Popular Bank


	*/s/ Tae H. Whang*
	By: Tae Hyun Whang, Esq. (TW-9226)

EXHIBIT A



**United Corporate Services, Inc.**
*Excellent Service in Extraordinary Times*

| | |
|---|---|
| Prepared For: | Tae Hyun Whang, Esq. |
| Client Matter # | |
| Project # | SBBSH35021 |
| Project Mgr: | Deborah Diaz |

INDIVIDUAL RESULTS

| | |
|---|---|
| DEBTOR: | SBB Shipping USA, Inc. |
| JURISDICTION: | NJ - Department of Treasury |
| SUMMARY: | UCC     RECORDS FOUND (17) |
| THRU DATE: | 12/26/2024 |
| YEARS SEARCHED: | 10 |

| File Date | File Number | File Type | Secured Party |
|---|---|---|---|
| 04/17/2019 | 53336354 | UCC | Santander Bank, N.A. |
| 10/21/2021 | 53336354 | UCC Termination | |
| 06/15/2020 | 54208982 | UCC | U.S. Small Business Administration |
| 10/08/2021 | 55496872 | UCC | Popular Bank |
| 10/13/2021 | 55503453 | UCC | Popular Bank |
| 10/19/2021 | 55516033 | UCC | Popular Bank |
| 05/11/2023 | 56580662 | UCC | C T Corporation System |
| 11/07/2023 | 56896701 | UCC | Corporation Service Company |
| 11/09/2023 | 56902424 | UCC | Corporation Service Company |
| 12/12/2023 | 56954180 | UCC | North Mill Credit Trust |
| 12/13/2023 | 56956388 | UCC | Bayfirst National Bank |
| 12/14/2023 | 56957525 | UCC | Financial Pacific Leasing, Inc. |
| 12/28/2023 | 56979480 | UCC | C T Corporation System |
| 01/04/2024 | 56979480 | UCC Termination | |
| 01/11/2024 | 57000640 | UCC | Dedicated Funding LLC |
| 09/16/2024 | 57387970 | UCC | Popular Bank |
| 12/17/2024 | 57526805 | UCC | Aspire Fundings, LLC |

End of Document

## DECLARATION

I, MICHELLE S. SCOTTI, THE AUTHORIZED SIGNATORY OF POPULAR BANK, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT BASED ON PERSONAL KNOWLEDGE OF POPULAR BANK'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT NEW YORK, NEW YORK
ON THIS 14th DAY OF JANUARY, 2025

/s/ *Michelle S. Scotti*
Michelle S. Scotti
Authorized Signatory
Popular Bank
85 Broad Street, 10th Floor,
New York, NY 10004